# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MILLARD GUTTER COMPANY, a corporation;**<br><br>**Plaintiff,**<br><br>vs.<br><br>**METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY,**<br><br>**Defendant.** | **8:18CV423**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Motion to Amend Consent Judgment, ECF No. 14, filed by Plaintiff Millard Gutter Company (Millard). For the reasons stated below, the Motion will be denied.

## BACKGROUND

Defendant Metropolitan Property & Casualty Insurance Company ("MetLife") issued insurance policies to a number of homeowners and, following a storm in April 2013, several of the insured homeowners hired Millard to complete repairs on their damaged homes. Millard alleged that some of these homeowners assigned their rights to payments under their insurance policies to Millard, and Millard sued MetLife for payment in the District Court for Douglas County, Nebraska, on April 9, 2018. MetLife removed the case to this Court on September 7, 2018.

On December 6, 2018, MetLife filed a Notice of Offer of Judgment, ECF No. 11, which provided:

> [MetLife] makes an Offer of Judgment in amount of Forty-Five Thousand Dollars and 00/100 ($45,000.00). This Offer will resolve any and

> all disputes concerning the scope and cost of repairs to any homes involved in this matter.
>
> In addition, Claimant, Candice Novak, has not cashed several checks, a total of one hundred twenty-nine thousand, five hundred ninety-three dollars and 00/100 ($129,593.00), issued by [MetLife] as payment for amounts that [MetLife] does not dispute are owed under her policy. If this Offer of Judgment is accepted, [MetLife] will re-issue payment in the amount of $129,593.00. The payment will be made payable to Candice Novak and Millard Roofing & Gutter. This offer is condition [sic] upon Candice Novak executing an agreement that her claim is fully and finally resolved.
>
> This Offer of Judgment is subject to all terms and conditions set forth in Fed. R. Civ. P. 68, including the term that this offer is automatically revoked if not accepted within 14 days.

Six days later, on December 12, 2018, Millard filed a Notice of Acceptance of Offer of Judgment, ECF No. 12, which provided:

> [Millard] hereby gives written notice of the acceptance of [MetLife's] Offer of Judgment dated the 6th day of December 2018 in the amount of $45,000.00 in the form of Exhibit 'A' attached hereto and incorporated herein by reference, together with the promised re-issue of payment in the amount of the $129,593.00, for the referenced claim of Candice Novak. Attached hereto as Exhibit 'B' is [Millard's] confirmation of authorization to accept the offer . . . .
>
> Attached hereto as Exhibit 'C' is the confirmation from Candice Novak that she makes no personal claim upon the funds retained by [Metlife].

In the attached Exhibit C, Candice Novak stated, "this is direction to make payment in the amount $129,593.00 directly to Millard Gutter Company." ECF No. 12-3, Page ID 58. She also stated, "I do not wish to be included or named upon any reissued check[,]" "I have assigned my claim[,]" and "I claim no further dollar amounts owed[.]" *Id.*

Accordingly, under Rule 68(a) of the Federal Rules of Civil Procedure,[1] the Clerk of Court entered Judgment "consistent with the parties' offer and acceptance." Judgment, ECF No. 13.

On January 10, 2019, however, Millard moved to amend the Judgment under Rule 59(e) because MetLife issued a check in the amount of $129,593.00 to Candice Novak, Wells Fargo Bank, and Millard. ECF No. 14. MetLife has not yet made payment on the $45,000 owed to Millard. Specifically, Millard asks the Court to amend the Judgment "to indicate expressly that a monetary Judgment in the principal amount of $45,000.00 is entered against [MetLife], together with a Judgment that [Millard] is entitled to additional payment of $129.593.00 as of December 13, 2018." ECF No. 14, Page ID 61. Millard also asks the Court to award its costs under Rule 54(d)(1). Millard did not separately file a brief to support its Motion. MetLife opposes Millard's Motion and asks the Court to vacate the Judgment under Rule 60(b) because it is not supported by a valid offer and acceptance.[2]

## DISCUSSION

The Court will deny Millard's motion to amend the Judgment because it did not submit a brief demonstrating that the Court may, under Rule 59(e), alter or amend a Rule

---

[1] Rule 68(a) of the Federal Rules of Civil Procedure provides:

At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

[2] MetLife submitted a timely brief in opposition to Millard's Motion. ECF No. 17. Two weeks later, and without first seeking leave to do so, MetLife submitted a second brief in opposition to Millard's Motion. ECF No. 19. The Court will not consider the brief at ECF No. 19. *See* NECivR. 7.1(b)(1).

68 judgment when the opposing party objects. NECivR. 7.1(a)(1). The terms of a Rule 68 judgment are dictated entirely by the parties, and the Court has no discretion in entering the judgment. Fed. R. Civ. P. 68(a) (If the offer of judgment is accepted, "[t]he clerk must then enter judgment.").[3] Thus, absent a showing that the Court may do so, it will not alter or amend a Rule 68 judgment pursuant to a contested Rule 59(e) motion. *See Perkins v. U.S. W. Commc'ns*, 138 F.3d 336, 338 (8th Cir. 1998) ("By directing that the clerk *shall* enter judgment after proof of offer and acceptance has been filed, the explicit language of [Rule 68] indicates that the district court possesses no discretion to alter or modify the parties' agreement.").

However, the Court will grant MetLife's request to vacate the Judgment under Rule 60(b)(4) because Millard's acceptance did not sufficiently reflect MetLife's offer and because there are objective manifestations of a lack of mutual assent. *Stewart v. Prof'l Comput. Ctrs.*, 148 F.3d 937, 940 (8th Cir. 1998) (vacating the Rule 68 judgment because it was not supported by a valid offer and acceptance).

"Principles of contract law are applied to test whether there has been a valid offer and acceptance under Rule 68." *Thompson v. S. Farm Bureau Cas. Ins. Co.*, 520 F.3d 902, 904 (8th Cir. 2008) (per curiam) (quoting *Stewart*, 148 F.3d at 939); *see also Marek v. Chesny*, 473 U.S. 1, 5 (1985). Thus, a purported acceptance must "sufficiently reflect" the offer of judgment, *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 403, (8th Cir. 1988), and "there must have been an objective manifestation of mutual assent[,]" *Stewart*, 148 F.3d

---

[3] *But see McCourt v. City of Chaska*, File No. 18-cv-1559 (ECT/ECW), 2018 WL 5669317, at *1-2 (D. Minn. Nov. 1, 2018) (finding that "the presence of injunctive relief in a Rule 68 offer renders it the functional equivalent of a proposed consent decree" which district courts may, in certain circumstances, approve).

at 939 (citation omitted). Mutual assent "can be inferred from external indications reflecting thoughts and intentions of the parties which show a 'meeting of the minds.'" *Id*.

First, MetLife's offer provided that "[t]he [$129,593.00] payment will be made payable to Candice Novak and Millard Roofing & Gutter." ECF No. 11. Exhibit C attached to Millard's acceptance, however, provided "I [Candice Novak] do not wish to be included or named upon any reissued check." ECF No. 12-3. MetLife also believes it was the parties' understanding that Wells Fargo Bank would also be named on the check because it was the named mortgagee in Candice Novak's insurance policy. According to Millard, this was not the parties' understanding.

Second, MetLife's offer also provided that it was conditioned "upon Candice Novak executing an agreement that her claim is fully and finally resolved." ECF No. 11. According to MetLife, this condition could only be satisfied by a separate, mutually-executed agreement between Candice Novak and MetLife. Millard, however, contends this condition could be satisfied by Candice Novak's declaration in Exhibit C which provides: "I have assigned my claim to Millard Gutter Company and by virtue of my assignment I claim no further dollar amounts owed, relative to Claim No. JDD41170 OY." ECF No. 12-3.

Based on these discrepancies between the offer and acceptance and between the parties' understandings, the Court finds that Millard's acceptance did not sufficiently reflect MetLife's offer and that there are objective manifestations of a lack of mutual assent. Therefore, the Court will vacate the Judgment, ECF No. 13, under Rule 60(b)(4), and direct the Clerk to reopen this case.

IT IS ORDERED:

1. The Motion to Amend Consent Judgment, ECF No. 14, filed by Plaintiff Millard Gutter Company, is denied;

2. The Judgment, ECF No. 13, is vacated; and

3. The Clerk is directed to reopen this case.

Dated this 12th day of February 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge